UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| STEVEN MAURICE JONES, | ) | Civil Action No. 4:21-cv-1587-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| GREENVILLE COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, filed this action in the Greenville County Court of Common Pleas, alleging various constitutional violations pursuant to 42 U.S.C. § 1983 as well as state law claims pursuant to the South Carolina Tort Claims Act (SCTCA), S.C.Code Ann. §§ 15–78–10 et seq. Defendant removed the action to this court on May 27, 2021, pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1331. Presently before the Court are Plaintiff's Motion for Discovery (ECF No. 15), Motion to Compel (ECF No. 16), Motion to Produce (ECF No. 17), Motion to Amend (ECF No. 20), Motion to Amend (ECF No. 26), Motion to Compel (ECF No. 29), and Motion to Amend (ECF No. 34). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.     PROCEDURAL HISTORY

On June 1, 2021, the undersigned entered an Order (ECF No. 7) directing Plaintiff to notify the Court in writing of any change of address. The order was mailed to Plaintiff's address at the Greenville County Detention Center included in his Complaint. The Order was returned to the Court

as undeliverable. Thus, the Order was resent to Plaintiff on June 15, 2021, using an alternate address listed in his Complaint, along with a Scheduling Order (ECF No. 12). The Scheduling Order includes a July 15, 2021, deadline for motions to amend pleadings, an August 16, 2021, discovery deadline, and a September 27, 2021, deadline for dispositive motions. The Order and Scheduling Order were not returned to the Court. On August 10, 2021, Plaintiff filed a Notice of Change of Address as well as several motions.

## III.    DISCUSSION

Plaintiff's first three motions–Motion for Discovery (ECF No. 15), Motion to Compel (ECF No. 16), and Motion to Produce (ECF No. 17)–were filed August 10, 2021[1], and all seek the same relief. In each motion, Plaintiff asks that the Defendant "relinquish any and all documents, statements, electronic kiosk requests to and from the Greenville County Detention Center's Mental Health Department and all grievances and responses, especially those pertaining to the PREA (Prison Rape Elimination Act) investigation." Plaintiff filed another Motion to Compel (ECF No. 29) on September 2, 2021, seeking essentially the same relief ("any and all information including but not limited to statements, photos, recordings, and other etc., so that the plaintiff may compile an intelligent case"). These motions are improper as Plaintiff failed to serve Defendant with any discovery requests prior to filing said motions with the Court. The Court does not enter orders compelling discovery until one party has served requests in accordance with the Federal Rules of Civil Procedure and the opposing party fails to respond appropriately. Therefore, these Motions

---

[1]Plaintiff explains in a letter filed the same day that he was transferred from GCDC to South Carolina Department of Corrections custody on June 2, 2021, and he did not receive the Scheduling Order until August 3, 2021, because it was mailed to his sister who is elderly and ill, and she did not put the Court Orders in the mail to him at the SCDC until July 27, 2021.

(ECF Nos. 15, 16, 17, 29) are **DENIED**.

Plaintiff has also filed three motions to amend his complaint.  In the first Motion to Amend (ECF No. 20), Plaintiff seeks to add a cause of action under the Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301, et seq. In the second Motion to Amend (ECF No. 26), Plaintiff seeks to add two Defendants, "Scottie Bodiford-Administrator and Training Officer Zion" to his complaint.  In his third Motion to Amend (ECF No. 34), Plaintiff seeks to change the current Defendant, Greenville County Detention Center, to Greenville County.  Plaintiff has not submitted a proposed amended complaint with any of these motions.

Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely when justice so requires. "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503,509-10 (4th Cir.1986)). Plaintiff's first Motion to Amend (ECF No. 20) to add a cause of action under PREA is **DENIED** as futile because PREA does not give rise to a private right of action. "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue...." De'lonta v. Clarke, C/A No. 7:11-00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013) (citation omitted). However, the PREA did not create a private right of action allowing, in this instance, Plaintiff to bring a claim pursuant to the PREA against Defendants. See Byrd v. South Carolina Dep't of Corr., C/A No. 5:11-3340-MGL, 2013 WL 5309759, at *11 (D.S.C. Sept. 19, 2013) ("Because § 1983 itself does [not] create any rights, and the text and the structure of the PREA provide no indication that

Congress intended to create a new individual rights, there is no basis for a private right of action for inmates to sue prison officials for noncompliance with the Act.") (footnote and citations omitted); see also Hill v. Hickman County Jail, 2015 WL 5009301, *3 (M.D. Tenn. August 21, 2015) (collecting cases holding that there is no private right of action under PREA, and holding that "[t]o the extent the complaint might be construed as bringing a claim under the PREA, such claim must be dismissed").

However, Plaintiff's remaining Motions to Amend (ECF Nos. 26, 34) are **GRANTED** to the extent that **Plaintiff is directed to file one complete Amended Complaint setting forth all allegations against all parties within twenty (20) days of the date of this order.** An amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

Along with the Amended Complaint, within twenty (20) days from the date of this order Plaintiff must

(1) Complete one summons form for each Defendant named in this matter other than Defendant Greenville County, who has already made an appearance. In the space preceded by "TO: (Name and address of Defendant)," Plaintiff is required to provide complete name and a full street address where Defendant(s) can be served. Plaintiff's name and address should be printed in the section for "PLAINTIFF'S ATTORNEY (name and address)." Nothing else should be written by Plaintiff on either the front or back of the summons or in the margins.

-4-

(2) Complete, sign, and return a separate Form USM-285 for each Defendant listed in this case other than Defendant Greenville County **if** Plaintiff files a Form AO 240 requesting to proceed without prepayment of the filing fee. Only one Defendant's name and street address should appear on each form. Defendant's name and street address should be placed in the spaces preceded by the words "SERVE AT." Plaintiff's name and address should be placed in the space designated "SEND NOTICE OF SERVICE COPY TO . . .", and Plaintiff should sign where the form requests "Signature of Attorney or other Originator . . . ." Plaintiff must provide Defendant's complete street address on the form (not a post office box address). Plaintiff must provide, and is responsible for, information sufficient to identify Defendant(s) on the Forms USM-285. The United States Marshal cannot serve an unidentified Defendant, and unserved Defendants may be dismissed as parties to this case.

The forms referenced above are attached for Plaintiff's use.

Further, the undersigned notes that the Clerk of Court is directed not enter any change of address submitted by any plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance. Thus, the alternate address provided by Plaintiff here, who is currently in SCDC custody, will no longer be used as a mailing address for Plaintiff and, thus, as previously ordered, Plaintiff must always keep the Clerk of Court advised if his address changes. If as a result of your failure to comply with this Order, **you fail to meet a deadline set by this court, your case may be dismissed for violating this Order**.

Finally, because Plaintiff seeks to add new parties to this action, an Amended Scheduling Order is filed herewith. Discovery is reopened to allow all parties to conduct discovery in accordance with the Federal Rules of Civil Procedure.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Discovery (ECF No. 15), Motion to Compel (ECF No. 16), Motion to Produce (ECF No. 17), Motion to Compel (ECF No. 29) and

Motion to Amend (ECF No. 20) are **DENIED**, and Plaintiff's Motion to Amend (ECF No. 26) and Motion to Amend (ECF No. 34) are **GRANTED**.  **Plaintiff is directed to file one complete Amended Complaint setting forth all allegations against all parties and complete and submit the Summons forms and Form USM-285s as set forth above within twenty (20) days of the date of this order.**

      **IT IS SO ORDERED.**

                         s/Thomas E. Rogers, III
                         Thomas E. Rogers, III
                         United States Magistrate Judge

October 7, 2021
Florence, South Carolina